THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CANDACE MARIE ARDEN,

               Plaintiff,

    v.

CITY OF LONG BEACH, *et al.*,

               Defendants.

CASE NO. C23-5195 JCC

ORDER

This matter comes before the Court on pre-service review of Plaintiff Candace Marie Arden's *in forma pauperis* ("IFP") amended complaint (Dkt. No. 11), her motion to amend the complaint (Dkt. No. 12), and her motion to appoint counsel (Dkt. No. 10). Pursuant to 28 U.S.C. § 1915(a), the Court must review and dismiss before service the lawsuit of any person proceeding IFP if the complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That being said, the Court holds *pro se* pleadings to a less stringent standard than those drafted by lawyers

and liberally construes them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Here, Plaintiff brings suit under 42 U.S.C. § 1983 against the City of Long Beach and its employees, Ocean Beach Hospital, Legacy Emanuel Hospital, Trish Agnish d/b/a/ LBT Enterprises, Todd Dealman, and James Hogg, Mark Underwood, the Washington State Patrol, Lewis County and various employees in the county, Mason County Courts, Thurston County Courts, the Washington Department of Social and Health Services, Medix Ambulance Services, Dynamic Collectors, and Raemon Bohn. (*See generally* Dkt. No. 11.)[1] Plaintiff makes a number of broad accusations, including that various individuals have threatened her life repeatedly since 1989. (*Id.* at 17–22.) She does not, however, state any specific legal claims upon which relief can be granted and the complaint must be dismissed.

When dismissing a complaint under § 1915(e), the Court must give a *pro se* plaintiff leave to amend unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Accordingly, Plaintiff's complaint (Dkt. No. 11) is DISMISSED without prejudice. Plaintiff's motion to amend the complaint (Dkt. No. 12) is GRANTED. If Plaintiff wishes to file an amended complaint, she must do so within thirty (30) days of this order and clearly state the specific legal claims she is bringing along with supporting facts. Plaintiff's motion to appoint counsel (Dkt. No. 10) is DENIED. If Plaintiff's amended complaint survives the Court's subsequent § 1915(e) screening, the Court may reconsider the request for counsel at that time. If it does not, the Court will dismiss it with prejudice, as further amendment would be deemed futile.

//

//

//

---

[1] Defendant filed a complaint, (Dkt. No. 7), and then filed an amended complaint (Dkt. No. 11). The Court considers the most recently filed complaint for purposes of this order.

DATED this 10th day of May 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE